IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:08-CV-590-H

DONALD A. GARDNER ARCHITECTS, )
INC., and ALLORA, LLC., )
)
    Plaintiffs, )
)
    v. )          **ORDER**
)
CAMBRIDGE BUILDERS, INC., and )
CAMBRIDGE BUILDERS OF JOHNSTON )
COUNTY, INC., )
)
    Defendants. )

This matter is before the court on defendants' motion for summary judgment and plaintiff Allora LLC's motion for partial summary judgment. Appropriate responses and replies have been filed, and the time for further filings has expired. This matter is ripe for adjudication.

### STATEMENT OF THE CASE

Plaintiffs Donald A. Gardner Architects, Inc. ("Gardner") and Allora, LLC ("Allora") filed this action on December 3, 2008, alleging that defendants Cambridge Builders, Inc. ("Cambridge"), Bryan Vanderpool, and Tommy Dees copied and used plaintiffs' copyrighted home designs either without a license or in excess of the license granted to Cambridge, in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq. Plaintiffs were subsequently allowed to amend their complaint to correct the

name of one defendant and to add William C. Dees and Cambridge Builders of Johnston County, Inc. ("CBJC") as defendants to the action. On March 26, 2010, the claims against the individual defendants were dismissed upon the parties' stipulation of dismissal. Presently before the court are defendants' motion for summary judgment and plaintiff Allora's motion for partial summary judgment.

## STATEMENT OF THE FACTS

Plaintiffs Gardner and Allora are engaged in the business of creating, designing, producing, distributing, and marketing original architectural working drawings. At all times pertinent to this action, defendants Cambridge and CBJC were residential home design and construction companies in the business of designing, building, and selling homes in the Goldsboro, North Carolina area. Cambridge had been in business for twenty-five years and CBJC had been in business for eight years. Presently both Cambridge and CBJC are out of business following the death of their president.

Defendants constructed multiple structures that plaintiffs contend infringe upon their copyrights in Gardner single-family home designs #265 ("The Hawthorne"), #286 ("The Tipton"), #393 ("The Georgetown"), #463 ("The Fairethorne"), and #332 ("The Ingraham"), and an Allora design for a multi-family townhouse

("The Allora Triplex").[1] Plaintiffs assert that the designs are the product of their independent, original work and that defendants used the designs either without a license or in excess of the license granted to them. Defendants contend that the designs are generic designs typical of other third-party plans for similar-sized homes and are not copyright protected.

## COURT'S DISCUSSION

### I. Standard of Review

Summary judgment is appropriate pursuant to Rule 56 of the Federal Rules of Civil Procedure when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475

---

[1] The Allora Triplex is registered with the United States Copyright Office as Allora design #0205-A but is also referred to by plaintiffs as Allora design #8001. (Finley Decl. dated Apr. 26, 2010 [DE #62-4] ¶ 2.)

U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Summary judgment is not a vehicle for the court to resolve disputed factual issues. Faircloth v. United States, 837 F. Supp. 123, 125 (E.D.N.C. 1993). Instead, a trial court reviewing a claim at the summary judgment stage should determine whether a genuine issue exists for trial. Anderson, 477 U.S. at 249.

In making this determination, the court must view the inferences drawn from the underlying facts in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. Anderson, 477 U.S. at 247-48. Accordingly, the court must examine "both the materiality and the genuineness of the alleged fact issues" in ruling on this motion. Faircloth, 837 F. Supp. at 125.

## II. Principles of Copyright Law

Copyright protection extends to "original works of authorship fixed in any tangible medium of expression." 17 U.S.C. § 102(a). Architectural designs are among those works of authorship protectable by federal copyright law. Id. "[W]hile individual standard features and architectural elements classifiable as ideas or concepts are not themselves copyrightable, an architect's original combination or

4

arrangement of such elements may be." Intervest Constr., Inc. v. Canterbury Estate Homes, Inc., 554 F.3d 914, 919 (11th Cir. 2008).

To prevail on their copyright infringement claim, plaintiffs must establish (1) ownership of a valid copyright in one or more of the home designs at issue; and (2) unauthorized copying by the defendants. See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 345 (1991).

### III.  Defendants' Motion for Summary Judgment

Defendants contend that summary judgment is warranted because plaintiffs are unable to show that they hold a valid copyright in their home plans. Alternatively, defendants maintain that certain claims of alleged infringement are barred by the statute of limitations and that plaintiffs would be entitled only to actual damages sustained as a result of any claims that are not so barred.

#### A.  Plaintiffs' Ownership of Valid Copyrights

In order to meet their burden of proving ownership of a valid copyright, plaintiffs must show their architectural works are original and in compliance with the statutory requirements of the Copyright Act. This burden may be met by presenting copyright registration certificates issued by the United States Copyright Office. Registration creates a presumption as to the validity of a party's copyright. O'Well Novelty Co. v.

Offenbacher, Inc., No. 99-1949, 2000 WL 1055108, at *3 (4th Cir. 2000). The burden then shifts to the party challenging the copyright to show either that the work was not original or that the copyright registration was invalid. Id.

Defendants do not dispute that plaintiffs have presented certificates of registration for their designs. Rather, they argue that the designs are not original or, alternatively, that the designs are compilations of common, functional elements entitled only to "thin" protection which defendants did not infringe. In support of their motion, defendants present a number of home plans, purportedly obtained from the internet, which they contend are similar in layout to plaintiffs' designs. Defendants assert that the similarity in low-cost, single-floor house plans is "strong evidence that such a configuration is functional in nature, as there are only so many ways to arrange common rooms and elements." (Dfs.' Mem. Supp. Mot. Summ. J. [DE #55] at 8.)

The standard for originality under copyright law requires that a work be "independently created by the author (as opposed to copied from other works), and that it possess[] at least some minimal degree of creativity." Feist, 499 U.S. at 345 (citing 1 M. Nimmer & D. Nimmer, Copyright, §§ 2.01[A], [B] (1990)). "[T]he requisite level of creativity is extremely low; even a slight amount will suffice. The vast majority of works make the

grade quite easily, as they possess some creative spark, 'no matter how crude, humble or obvious' it might be." Id. at 346 (quoting 1 M. Nimmer & D. Nimmer, Copyright, § 1.08[C][1] (1990)).

Plaintiffs have produced registration certificates showing that each of the designs has been registered,[2] thereby establishing a presumption of validity. Plaintiffs have also submitted deposition testimony and sworn declarations of the architects who created the home designs, averring that the designs are their original creations and not compilations, copies or derivatives of other works. (Culhan Dep. [DE #59-2] at 45; Gardner Decl. [DE #59-5] ¶ 3; McClain Decl. [DE #59-6] ¶ 3; see also Culhan Decl. [DE #62-1] ¶ 5.) Plaintiffs have, therefore, presented prima facie proof of the validity of their copyrights in the designs.

Relying on what they contend is "the prevalence of nearly identical designs from numerous [architectural] designers," defendants assert that plaintiffs' designs cannot be original protectable works - they must either be derivatives of other works or compilations of unprotectable ideas and functional elements. (Dfs.' Mem. Supp. Summ. J. at 7.) However, defendants' evidence of "similar" designs by third-party

---

[2]Each of the Gardner designs is registered both as a technical drawing and as an architectural work. The Allora Triplex design is registered as an architectural work.

7

designers fails to establish, as a matter of law, that plaintiffs' designs are either unauthorized derivatives of other works or compilations of unprotectable ideas or functional elements.[3] Therefore, defendants are not entitled to summary judgment on this basis.

B. Statute of Limitations

Defendants next contend that any acts of alleged infringement that occurred prior to December 3, 2005, are barred by the statute of limitations. The statute applicable to copyright violations bars claims brought more than three years after the claim accrued. 17 U.S.C. § 507(b). In the Fourth Circuit, "[a] cause of action for copyright infringement accrues when one has knowledge of a violation or is chargeable with such knowledge." Hotaling v. Church of Jesus Christ of Latter-Day Saints, 118 F.3d 199, 202 (4th Cir. 1997).

Plaintiffs have presented sufficient evidence to withstand summary judgment on this basis. According to the affidavit of Jean Finley, Gardner's copyright specialist, plaintiffs first learned of defendants' allegedly infringing acts in the fall of 2008:

---

[3]As set forth below, the court concludes that plaintiffs have established the validity of The Allora Triplex design. The court does not determine whether the evidence conclusively establishes the validity of plaintiffs' copyrights in the Gardner designs as that issue is not presently before the court.

> They came to my attention through discussions with a North Carolina plan designer who had admitted to copying some Gardner home designs. This designer provided me with a list of her clients, and Cambridge Builders was on the list as a builder/developer who had purchased one of the designs that was a copy of a Gardner design. I then found the Cambridge Builders website online, and saw that it had photographs and floor plans of houses and photographs of townhouses that appeared to have been constructed from the Gardner and Allora designs at issue in this lawsuit.

(Finley Decl. dated Mar. 19, 2010 [DE #59-7] ¶ 2.) This action was filed in December 2008, well within the three-year limitations period. The court, therefore, denies defendants' motion for summary judgment on this ground.

C. Damages

Defendants next contend they are entitled to summary judgment on the issue of damages. Title 17, United States Code, Section 504, provides as follows:

> (a) In General. Except as otherwise provided by this title, an infringer of copyright is liable for either --
>
> > (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or
> >
> > (2) statutory damages, as provided by subsection (c).
>
> (b) Actual Damages and Profits. The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the

9

infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

Defendants argue that because plaintiffs are in the business of selling house plans, and not in the business of constructing homes, their "actual damages, if any, . . . can be no more than that revenue Plaintiffs would have received if Defendants had purchased a set of plans for each of the homes constructed." (Dfs.' Mem. Supp. Summ. J. at 20.)

Defendants' argument misses the point. The damages recoverable for copyright violation are not limited to "actual damages." Indeed, both § 504(a) and (b) expressly authorize the recovery of the profits attributable to the infringement in addition to the recovery of the copyright holder's actual damages. See 17 U.S.C. § 504(a) ("actual damages <u>and any additional</u> profits (emphasis added)), (b) ("actual damages suffered . . . <u>and</u> any profits of the infringer" (emphasis added)). The fact that plaintiffs are not in the business of selling homes does not foreclose their right to disgorge defendants of any profits attributable to the infringement of their home plans. See <u>Christopher Phelps & Assocs. v. Galloway</u>, 492 F.3d 532, 539 (4th Cir. 2007) (concluding that the court correctly

instructed the jury that the plaintiff architectural firm "would be entitled to both actual damages for infringement and . . . all profits of the infringer" resulting from the infringement of the firm's home design). To impose such a limitation upon the damages recoverable under § 504 would only encourage copyright violations because the infringer would never be liable for more than the copyright holder's licensing fee. Defendants' motion for summary judgment on the issue of damages is, therefore, denied.

## IV. Plaintiff Allora's Motion for Partial Summary Judgment

Also before the court is Allora's motion for partial summary judgment on the issue of CBJC's liability for its alleged infringement of The Allora Triplex design. At issue here is CBJC's construction of a number of duplex and quadraplex townhome structures in the multi-family residential development of "Lawndale Townes" in Garner, North Carolina. CBJC acknowledged that a multi-family home design purchased from Gardner was used to build the Lawndale Townes units.[4] CBJC

---

[4]There can be no doubt that the Lawndale Townes units were constructed based upon one of Allora's designs, as the construction plans submitted by CBJC to the City of Garner's permit office bear the Allora name and logo and further reference Allora's computer document path name.

denies liability, however, arguing that it possessed a multi-use license that authorized its construction of the buildings.[5]

Allora has made a prima facie showing that it owns a valid copyright in The Allora Triplex design, see supra at 5-8, and the court finds that CBJC has failed to present sufficient evidence to rebut the presumption of validity as to this particular copyright. Thus, the question here is whether plaintiffs have shown, as a matter of law, that CBJC copied the Allora design without plaintiffs' authorization.

A plaintiff may prove copying by direct or circumstantial evidence. Where direct evidence of copying exists, "a defendant may not avoid liability by pointing out the dissimilarities between the protected work and the infringing copy." John Wieland Homes & Neighborhoods, Inc. v. Poovey, No. 3:03-CV-168-H, 2004 WL 2108675, *5 (W.D.N.C. 2004). "If there [is] clear proof of actual copying by the defendants, that is the end of the [issue]." M. Kramer Mfg. Co. v. Andrews, 783 F.2d 421, 445 (4th Cir. 1986). Where there is no direct evidence of copying, a plaintiff may establish a presumption of copying by

---

[5]CBJC also asserts that there exists a genuine issue of fact as to whether the plan CBJC used in constructing the Lawndale Townes units was The Allora Triplex design or some other Allora plan. However, CBJC has failed to produce any evidence to rebut plaintiffs' proof that The Allora Triplex design was the plan sold to Tommy Dees, a vice-president of both Cambridge and CBJC, in December 2004. The court, therefore, rejects this argument.

12

demonstrating that the defendant had access to the copyrighted work and that the defendant's work is substantially similar thereto. <u>Universal Furn. Int'l, Inc. v. Collezione Europa USA, Inc.</u>, 618 F.3d 417, 435 (4th Cir. 2010).

Of course, to succeed on a copyright claim, the plaintiff must also prove the copying was not authorized. Where the copyright is subject to a nonexclusive license, the copyright holder must establish that the defendant's copying was beyond the scope of its license. <u>Storage Tech. Corp. v. Custom Hardware Eng'g & Consulting, Inc.</u>, 421 F.3d 1307, 1315-16 (Fed. Cir. 2005).

In support of its motion, Allora has presented evidence tending to establish that one of the defendants[6] purchased a license to build a single structure based upon The Allora Triplex design. While defendants argue that they purchased a multi-use license, the evidence does not support their argument. Before the court are a bill of sale and a license agreement, both in the name of "Tommy Dees, Cambridge Builders." The bill of sale is dated December 29, 2004, and evidences the purchase of CAD drawings on CD-Rom and a presentation print of The Allora Triplex design. The licensing agreement, also dated December

---

[6] It is not clear from the record whether the license, which is non-transferrable, was purchased on behalf of Cambridge or CBJC. It is for this reason that plaintiffs assert that CBJC's use of The Allora Triplex design was <u>either</u> without a license or in excess of the license granted.

29, 2004, and signed by Mr. Dees on January 4, 2005, expressly provides that it is a "limited license . . . to construct only one building from these plans and this plan purchase." (Licensing Agt. [DE #58-4] ¶ 3.)

Defendants' argument that their purchase of the CD-Rom entitled them to construct multiple buildings based on the plan is not borne out by the evidence. In fact, it is refuted by the express language of the licensing agreement, which further states "[t]hat the computer disk . . . is . . . for the limited purposes of making modifications and producing a final set of construction documents to build this building <u>one time</u>" (id. ¶ 2 (emphasis added)) and that the licensee "will pay a reuse fee each time [it] want[s] to build an additional building" and will "notify Allora LLC prior to beginning construction of the building" (<u>id.</u> ¶ 4). Finally, the declaration of plaintiffs' copyright specialist, Jean Finley, puts to rest any notion that plaintiffs granted anyone an unlimited license to The Allora Triplex design. Ms. Finley acknowledges that for a brief period of time, "some Gardner plans . . . provide[d] an 'unlimited build license' upon the purchase of a CD-Rom. However, this unlimited build license never referred to the Allora plans" and did not commence until late 2007, whereas The Allora Triplex design at issue in this case was purchased in December 2004 or

January 2005. (Finley Decl. dated Apr. 26, 2010 [DE #62-4] ¶ 4.)

Allora has made out a prima facie case of copyright infringement as to The Allora Triplex design. Although CBJC may have possessed a license to use the plan for the construction of one building, the uncontroverted evidence establishes that CBJC exceeded the scope of any such license by building multiple structures based on the plan. Allora having shown there is no genuine issue of material fact as to this claim, judgment in favor of Allora is warranted as to CBJC's liability for infringement of The Allora Triplex design.

## CONCLUSION

For the foregoing reasons, the court DENIES defendants' motion for summary judgment [DE #54] and GRANTS plaintiff Allora's motion for partial summary judgment [DE #58].

This 22nd day of March 2011.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31