IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-cv-00590-H

DONALD A GARDNER ARCHITECTS, INC. )
and ALLORA, LLC, )
)
)
Plaintiffs, )
)
v. ) **ORDER ON BILL OF COSTS**
)
)
BRYAN VANDERPOOL, TOMMY DEES, )
CAMBRIDGE BUILDERS, INC., GROVER )
THOMAS DEES, JR., WILLIAM C. DEES, )
*by and through Denise S. Dees and Grover T.* )
*Dees as Representatives of the Estate of William* )
*C. Dees*, and CAMBRIDGE BUILDERS OF )
JOHNSTON COUNTY, INC., )
)
Defendants. )

This matter is before the undersigned on plaintiff Allora, LLC's ("Allora") motion for bill of costs [D.E. 137] and defendant Cambridge Builders of Johnston County Inc.'s ("CBJC") motion for disallowance of Allora's bill of costs [D.E. 138]. The issues have been fully briefed and are ripe for determination.

## BACKGROUND

On March 22, 2011, the court granted Allora partial summary judgment on the issue of CBJC's liability for infringement of a triplex townhome design owned by Allora and denied defendants' summary judgment motion [D.E. 86]. Allora then proceeded to trial solely on its claim against CBJC for infringement of the triplex design, dismissing all other claims. The jury awarded Allora $99,565.00 in damages for the profits made by CBJC as a result of its infringement, and on November 29, 2011, judgment was entered in favor of Allora against CBJC [D.E. 123].

On December 13, 2011, Allora filed a motion for attorney's fees and costs [D.E. 128]. On September 27, 2012, the court awarded Allora attorney's fees, but denied the motion without prejudice as to costs because the information submitted was insufficient to establish which costs claimed were incurred as a result of the litigation between Allora and CBJC as opposed to the other defendants [D.E. 135].[1] The court allowed Allora 30 days within which to file an appropriate bill of costs, which Allora filed on October 8, 2012 [D.E. 137]. On October 18, 2012, CBJC filed a motion for disallowance of Allora's bill of costs [D.E. 138], to which Allora responded in opposition [D.E. 145] and CBJC replied [D.E. 146].

## DISCUSSION

Allora seeks $9,715.89 in costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Civil Rule 54.1 as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party."). Federal courts may assess only those costs specified in 28 U.S.C. § 1920. See Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987). CBJC objects to Allora's bill of costs in its entirety and contends that it remains indeterminable whether the requested costs are attributable to the infringement claim against CBJC on which Allora prevailed. Def.'s Mem. in Supp. of Mot. for Disallowance at 2 [D.E. 139]. CBJC also objects that certain costs sought by Allora are not taxable pursuant to § 1920. Id. at 4. Allora responded that its counsel "affirms that the Bill of Costs was submitted in good faith compliance with this Court's

---

[1] On October 24, 2012, CJBC filed a notice of appeal as to the court's award of attorney's fees and costs [D.E. 142]. The Fourth Circuit Court of Appeals is holding the appeal in abeyance pending ruling on the instant bill of costs [D.E. 147].

Order of September 27, 2012" and "represents to the Court that the costs included in the Bill of Costs (which reduced the amount claimed by more than half of what was initially sought in Allora's motion for attorneys' fees and costs) were incurred in pursuit of the litigation of the copyright infringement cause of action by Allora against Defendant CBJC." Pl.'s Resp. in Opp'n at 1 [D.E. 145]. The undersigned agrees with defendants that Allora's bill of costs is deficient in certain respects.

First, Allora's blanket statement as to its counsel's representation that the bill of costs is limited to the copyright infringement claim against CBJC is insufficient. In this case, where costs must be allocated to a particular claim, more specificity is required with respect to each category of costs sought in order to determine whether the claimed costs are limited to the infringement claim against CBJC. Such information is appropriately provided in the form of a sworn affidavit or declaration from counsel.

Next, the requests for costs of service and summons fees, transcript fees, printing fees, and copies are not properly supported. The itemized list referencing invoices for the costs of subpoena service, printing, and transcripts must be supported by a copy of the invoice, because many times these invoices reflect the inclusion of non-taxable costs, e.g., expedited service fees, duplicate transcript fees, and postage and handling fees. See, e.g., Nwaebube v. Emp't Sec. Comm'n of N.C., No. 5:09-CV-395-F, 2012 WL 3643667, at *1 (E.D.N.C. Aug. 21, 2012) (disallowing costs of deposition transcript exhibits); Hexion Specialty Chemicals, Inc. v. Oak-Bark Corp., No. 7:09-CV-105-D, 2012 WL 2458638, at *6 (E.D.N.C. June 27, 2012) (denying request for shipping and postage costs not recoverable under § 1920); Farrar & Farrar Dairy, Inc. v. Miller-St. Nazianz, Inc., No. 5:06-CV-160-D, 2012 WL 776945, at *5 (E.D.N.C. Mar. 8, 2012) (disallowing costs for

3

a copy of a deposition transcript in addition to the original).

Finally, the request for copy costs is not sufficiently supported. "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" may be taxed as costs. 28 U.S.C. § 1920(4). "The concept of necessity for use in the case connotes something more than convenience . . . ." Har-Tzion v. Waves Surf & Sport, Inc., No. 7:08-CV-137-D, 2011 WL 3421323, at * 3 (E.D.N.C. Aug. 4, 2011) (quoting Cherry v. Champion Int'l Corp., 186 F.3d 442, 449 (4th Cir. 1999)). "Copying costs are allowable if used as court exhibits, or if furnished to the court or opposing counsel." PCS Phosphate Co., Inc. v. Norfolk S. Corp., No. 4:05-CV-55-D, 2008 WL 1901941, at *1 (E.D.N.C. Apr. 29, 2008) (citing Bd. of Dirs., Water's Edge v. Anden Group, 135 F.R.D. 129, 138-39 (E.D.Va. 1991)). The cost of copies made solely for the convenience of counsel are generally not taxable under § 1920(4). Fells v. Va. Dep't of Transp., 605 F. Supp. 2d 740, 743 (E.D. Va. 2009) (citing Thomas v. Treasury Mgmt. Ass'n, Inc., 158 F.R.D. 364, 372 (D. Md. 1994)).

Allora submitted a list of copy charges by date with no indication, with the exception of one line item, as to what documents were copied or for what purpose. Pl.'s Bill of Costs at 4-11 [D.E. 137]. Without some detail as to the purpose of the copies, there is no way to evaluate whether they were "necessarily obtained for use in the case," as required by § 1920(4), and were made for allowable purposes, not merely for the convenience of counsel. Neither the statute nor the federal or local rules require that the subject matter and use for each and every document copied be identified, see 28 U.S.C. § 1920(4); Fed. R. Civ. P. 54(d)(1); Local Civil Rule 54.1, although it is noteworthy that such specificity is routinely provided by applicants for costs in this district. Nevertheless, in the present case greater specificity is necessary for plaintiff to satisfy its burden

4

under 28 U.S.C. § 1920(4).

Despite the noted deficiencies, it appears that Allora does in fact have some allowable costs. Accordingly, Allora shall have 14 days from the date of this order to supplement its bill of costs with the appropriate documentation to allow for a meaningful review, in conformity with the court's September 27, 2012 order, as to whether the costs were incurred as a result of the litigation of Allora's infringement claim against CBJC and are allowable pursuant to § 1920. CBJC shall have seven (7) days thereafter to supplement its response. A failure to supplement by Allora will constitute a waiver of any unsupported costs.

SO ORDERED. This 16th day of January 2013.

Julie A. Richards
Clerk of Court